**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:10cv171**

| | |
|---|---|
| **ROBERT K. MYERS; AUDREY V. MYERS; PATRICK Q. GAFFNEY,** as Trustee of the Eileen M. Gaffney Trust dated March 3,2006; **EILEEN M. GAFFNEY,** as Trustee of the Eileen M. Gaffney Trust dated March 3, 2006; **STEPHEN R. ELLING; and JARED ELLING,** | ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **vs.** | ) ) |
| **QUEENS GAP MOUNTAIN, LLC,** a North Carolina limited liability company; **DEVINSHIRE LAND DEVELOPMENT, LLC,** a North Carolina limited liability company; **QUEENS GAP ACQUISITION, LLC,** a Delaware limited liability company; **COVE CREEK, LLC,** a North Carolina limited liability company; **D. F. McCARTHY INVESTMENTS XVIII, LLC,** an Ohio limited liability company, **QUEENS GAP HOLDING COMPANY, LLC,** an Ohio limited liability company, **DEVIN McCARTHY**, individually; **JANIS L. McCARTHY,** individually and as Trustee of the DEVIN F. McCARTHY REVOCABLE TRUST dated September 14, 1994; and **KEITH VINSON**, individually, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) ) |

**O R D E R**

**THIS MATTER** is before the Court on the following:

1.    Janis L. McCarthy's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 28]; and

2.    The Motion to Compel Arbitration and to Stay Proceedings [Doc. 30] of the Defendants D. F. McCarthy Investments XVIII, LLC; Queens Gap Holding Company, LLC; Devin McCarthy and Janis McCarthy (the McCarthy Defendants).[1]

Also before this Court is the case of Klopfer, et al. v. Queens Gap Mountain, LLC, et al., Civil Case No. 1:10cv155. The facts, legal issues and causes of action asserted in the Amended Complaint in this matter are identical to those in Klopfer,[2] and the same attorneys appear in both cases. Even though the cases have not been consolidated, the decision of this Court in an Order being entered contemporaneously herewith in Klopfer addresses and disposes of nearly all of the issues raised by the motions currently before the Court in this matter.  The Order in Klopfer is, therefore, incorporated herein, and the current motions will be disposed of in accord therewith.

---

[1] Janis McCarthy's motion to stay and to compel arbitration is conditioned on the denial of her earlier filed motion to dismiss.  Because the Court finds that arbitration should be compelled, the motion to dismiss is denied as moot.  The Court expresses no opinion as to whether Janis may renew this motion before the arbitration panel.

[2] Plaintiffs Dr. Robert K. Myers, Patrick Q. Gaffney, and Stephen R. Elling provided affidavits almost identical to those submitted in the Klopfer case.  [Docs. 35-5, 35-6, 35-7].  Having reviewed these affidavits the Court is compelled to find that, like the plaintiffs in Klopfer, the Plaintiffs in the present case were not unsophisticated purchasers.

In the present case the Plaintiffs make one argument that was not raised in <u>Klopfer</u> relating to whether the arbitration clause in the Lot Purchase Agreements at issue merged into the deeds, and thus the obligation to arbitrate was extinguished by the closing.

Each of the contracts at issue contains the following language:

> **SURVIVAL.** All provisions of this Agreement and the Exhibit(s) and Addendum(s) attached hereto which contemplate performance after Closing shall survive the Closing and shall not be merged into the deed of conveyance.

[Doc. 31-2, at 11; Doc. 31-3, at 11; Doc. 31-4, at 11].

> Generally, a contract for the sale of land is not enforceable when the deed fulfills all the provisions of the contract, since the executed contract then merges into the deed. However, it is well-recognized that the intent of the parties controls whether the doctrine of merger should apply. [T]he intent of the parties is the guideline in contract interpretation and the statutorily mandated guideline in deed construction. ... [W]e therefore look to the instruments to discern the parties' intent.

<u>Biggers v. Evangelist</u>, 71 N.C.App. 35, 38, 321 S.E.2d 524, 536 (1984), <u>rev. denied</u>, 313 N.C. 327, 329 S.E.2d 384 (1985) (citations omitted). The language of the parties' contracts in this case clearly shows their intent that certain provisions of the contract survive closing. Indeed, the Plaintiffs' entire case is based on the concept that the contract language requires improvements be made in the Queens Gap subdivision so as to render their lots suitable for construction of and use of a residential structure thereon.

"None of the other contractual provisions counter the clear intent of the parties, as shown in the survival provision, to avoid the doctrine of merger." Biggers, 71 N.C.App. at 38-39. "Nor does the language of the deed suggest that the parties [ ] waived the survivability of the contract by the closing date." Id. [Doc. 35-2; Doc. 35-3; Doc. 35-4]. For these reasons the arbitration provision of the contract survived closing. Town of Nags Head v. Tillett, 314 N.C. 627, 631-32, 336 S.E.2d 394, 398 (1985); Sunset Beach Dev., LLC v. AMEC, Inc., 196 N.C.App. 202, 212-13, 675 S.E.2d 46, 54 (2009) (clause in contract reading "Seller's representations and warranties shall survive closing" showed parties clear intent to survive closing).

**IT IS, THEREFORE, ORDERED** that the Motion to Compel Arbitration and to Stay Proceedings [Doc. 30] of the Defendants D. F. McCarthy Investments XVIII, LLC; Queens Gap Holding Company, LLC; Devin McCarthy and Janis McCarthy is hereby **GRANTED** and arbitration is compelled.

**IT IS FURTHER ORDERED** that Janis L. McCarthy's Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 28] is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that arbitration having been compelled, this matter is hereby **STAYED**.

**IT IS SO ORDERED.**

Signed: September 14, 2011

Martin Reidinger
United States District Judge